UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TRACEY COLEMAN,                              Case No. 17-cv-539-pp

        Plaintiff,

v.

CURTIS GOARD, *et al.,*

        Defendants.

---

**ORDER DENYING THE PLAINTIFF'S REQUEST TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2), SCREENING COMPLAINT (DKT. NO. 1), AND DISMISSING COMPLAINT WITHOUT PREJUDICE**

---

    Plaintiff Tracey Coleman, representing himself, filed a complaint against Curtis Goard, someone named "Jeremy," and the Aviation Institute of Maintenance. Dkt. No. 1. He also filed a motion asking the court to allow him to proceed without paying the filing fee. Dkt. No. 2. The court denies the plaintiff's motion to proceed without paying the filing fee, screens his complaint, and dismisses the case for failure to state a claim.

I.    **Motion to Proceed without Paying the Filing Fee**

    A district court may authorize a plaintiff to proceed without pre-paying the $400 filing fee to start a civil lawsuit if the plaintiff submits an affidavit listing his assets, indicating that he is unable to pay the fees, and stating his belief that he is entitled to the relief he seeks. 28 U.S.C. §1915(a).

    Based on the plaintiff's affidavit listing his assets and liabilities, the court concludes that he is unable to pay the filing fee. Dkt. No. 2. The application

1

indicates that the plaintiff has no monthly wages or salary. Id. at 1. In the last twelve months, he has received $740 each month in Social Security benefits. Id. at 2. He has a rental expense of $300 per month, other household expenses of $300 per month, and a court-ordered support payment of $20 per month. Id. He does not own a car or any other property of value. It appears to the court that he does not have sufficient income to be able to afford to pay the filing fee. The court must deny the plaintiff's motion, however, because his complaint is frivolous and fails to state a claim.

**II.     Screening of the Plaintiff's Complaint**

The plaintiff alleges that on December 15, 2011, he called the Aviation Institute of Maintenance "in Virginia Beach area." Dkt. No. 1 at 2. He says that he spoke with "admission person" Curtis Goard, and provided Goard with his name, age, date of birth, graduation date, and other information. The plaintiff indicates that Goard told him that the Aviation Institute was accepting "diplomas from the 2008 year," and said Goard would send the plaintiff documents. Id. The plaintiff then received forms in the mail. Id. The plaintiff says that Goard indicated that he'd processed all of the documents and submitted them on January 5, 2012. Id. at 2-3. The plaintiff says that he contacted "Aviation Institute of Maintenance, in Indianapolis Indiana," the school he was to attend, and he spoke with "Jeremy." Id. at 3. He says that he and Jeremy talked about admissions procedures, and that Jeremy asked him if the plaintiff had graduated from high school. Jeremy told the plaintiff that the Aviation Institute was having trouble finding his documents, and that the

2

plaintiff should call back. Id. When the plaintiff called back, Jeremy put the plaintiff on hold, spoke with his supervisor, and then came back on and said the school wouldn't accept the plaintiff. Id.

The plaintiff alleges that Goard did not follow the appropriate procedures for documents and applications, and that "the supervisor" did not accept the plaintiff because he was African American. Id. He asks the court to issue an order requiring the school to stop discriminating against people who go to school to better themselves. Id. at 4. On the last page of the complaint, he indicates that Goard (of the Virginia Beach location) or the "Indianapolis facility" didn't tell him why they denied his admission, but he thinks it was because of his race. Id. at 6.

The plaintiff does not say what federal law he believes the defendants violated. The court, however, construes liberally a complaint filed by a party who does not have a lawyer. The plaintiff alleges facts which might possibly state a claim under Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d. Under this statute, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. To state a claim under Title VI, a plaintiff must allege that he has been "intentionally discriminated against on the grounds of race," and that the defendant is a "recipient[] of federal financial assistance." Irving v. Pui Tak Center, Dkt. No. 12-cv-8092, 2013WL2251757 at *2 (N.D. Ill., May 22, 2013) (citations omitted).

3

The plaintiff alleges that Curtis Goard and "Jeremy" discriminated against him because of race. The court will not allow the plaintiff to proceed on his claims against Curtis Goard or "Jeremy." First, he has not alleged that either of these individuals denied him admission to the school. In fact, he alleges that Goard did exactly what the plaintiff asked him to do—provided him application paperwork, and then processed that paperwork. As for Jeremy, the plaintiff alleges that it was Jeremy's supervisor, not Jeremy, who indicated that the school would not accept the plaintiff.

What the plaintiff really is trying to do is to sue Aviation Institute of Maintenance, on the basis that the school denied him admission because he is African-American. Dkt. No. 1 at 3. The plaintiff has been trying to sue Aviation Institute for quite some time now. In September 2012, he sued the school, alleging that it did not recognize his high school's accreditation, and that the school discriminated against him because of a disability. See Coleman v. Aviation Institute of Maintenance, Case No. 12-cv-946 (E.D. Wis. 2012). Judge Joseph dismissed this complaint for failure to state a claim. In March of 2015, the plaintiff sued Aviation Maintenance again, this time alleging only that he was denied admission because of the accreditation of his high school. Coleman v. Aviation Institute of Maintenance, Case No. 15-cv-285 (E.D. Wis. 2015). Judge Stadtmueller dismissed this complaint for failure to state a claim.

The next month, the plaintiff tried again. Coleman v. Aviation Institute of Maintenance, Case No. 15-cv-420 (E.D. Wis. 2015). This time, he alleged that the school discriminated against him based on his disability and his race. He

4

alleged in his complaint that "he was admitted to the Institute . . . but the Institute required him to be there by a certain day or give up his spot." Case No. 15-cv-420 at dkt. no. 5, p. 3. He alleged that he "could not relocate to Indianapolis in time because of his financial situation, and the Institute gave his spot to someone else." Id. Judge Adelman dismissed this complaint, because it did not include any facts demonstrating that the school denied the plaintiff admission based on his disability or his race; indeed, his complaint alleged that the school had admitted him. Id. Judge Adelman also noted that this was the plaintiff's third attempt to sue the Institute. Id.

Now, almost five years after he filed his first complaint, the plaintiff has tried again. He alleges fewer facts in this complaint than in the complaint in Judge Adelman's case. He tries to get around the three prior dismissals by naming Curtis Goard and Jeremy as defendants, rather than directly naming the Institute as a defendant. But as the court notes above, the plaintiff does not allege that Goard or Jeremy denied him admission to the school. He appears to believe that this court will not be aware of the facts he alleged in the cases before Judge Adelman. And again, he provides no facts that support his claim that the school did not admit him due to race (and Judge Adelman's case shows that he was, in fact, admitted).

Because the plaintiff's complaint fails to state a claim upon which relief may be granted, and because this complaint is repetitive, the court will deny his motion for leave to proceed without prepaying the filing fee, and will dismiss his case without prejudice. See 28 U.S.C. §1915(e)(2)(B)(i-ii).

5

The court **DENIES** the plaintiff's request to proceed without prepaying the filing fee. Dkt. No. 2. The court **ORDERS** that the complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

Dated in Milwaukee, Wisconsin this 25th day of July, 2017.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**